The Honorable John H. Dawson State Representative P.O. Box 336 Camden, AR 71701
Dear Representative Dawson:
This is in response to your request for an opinion regarding a special election that has been called for November 3, 1992, to elect the seven board members in the City of Camden from wards. You state that the election resulted from the settlement of a voting rights case which changed the election of the directors to seven single member districts or wards. You also state in your correspondence that state law is to apply with regard to the election, presumably also in accordance with the settlement. The City of Camden operates under the city manager form of government.
Your specific questions are as follows:
 1. Must the signatories of the candidate's petition be registered to vote from the ward the candidate is running from in order to be a qualified elector?
 2. Are the qualification[s] of the signatories on a candidate's petition to be determined as of the deadline for filing of the candidate's petition (September 3, 1992)?
 3. If the signatories on a petition for a candidate who are not registered to vote from the ward of the candidate change their voter registration address after the petition closing deadline (September 3) and prior to certification of the candidates, can they be considered as one of the 50 required signatories for certification requirements of the candidate?
 4. Must a candidate be registered to vote from the ward in which he is running at the time of the filing deadline, or can he subsequent to the filing deadline change his voter registration address so to be registered to vote from the ward in which he is running prior to the time of certification?
It is my opinion that the answer to your first question is "no." Nominations for candidates for the office of director in the city manager form of government are governed by A.C.A. § 14-47-110
(Cum. Supp. 1991). Subsection (a)(3)(A)(i) of this provision states that "the name of each candidate shall be supported by a petition, signed by at least fifty (50) qualified electors ofthe municipality, requesting the candidacy of the candidate." (Emphasis added.) Section 14-47-109 must then be considered with regard to the term "qualified elector" wherein it states:
 At any regular or special election for the election of a director, any adult person who has resided within the municipality for at least thirty (30) days and is qualified to vote at an election of county or state officers shall be deemed a qualified elector.
A.C.A. § 14-47-109(f)(1) (Cum. Supp. 1991).
The petition must show the residence address of each signatory (A.C.A. § 14-47-110(a)(3)(A)(ii)). However, I can find no statutory requirement that the signatories be registered to vote from the candidate's ward. While it may be contended that this result is unintended or undesirable, the plain language of the relevant provisions precludes any other conclusion. Legislative action will, in my opinion, be necessary to impose such a requirement.
I assume that your second and third questions are premised upon the assumption that the petitions must be signed by residents of the ward. A response to these questions is therefore unnecessary in light of the above.
It should be initially noted, in response to your last question, that the candidate must, at the time of filing as a candidate, be a resident of the ward in which he is running. See A.C.A. §§14-61-109(5) (Cum. Supp. 1991) and 7-5-207 (Repl. 1991). The voter registration records would be evidence of the candidate's residency, but would not necessarily be determinative. The determination of residency is, necessarily, a question of fact. And the Arkansas Supreme Court has held that an action for mandamus and declaratory relief is the proper method of enforcing eligibility requirements. Robinson v. Craighead County Board ofElection Commissioners, 300 Ark. 405, 779 S.W.2d 169 (1989).
Thus, with regard to your last question, if the candidate is in fact a resident of the ward at the time the petition for nomination is filed, the fact that he is registered to vote in another ward would not, in my opinion, render him ineligible. Similarly, the mere fact that the voter registration records reflect an address within the ward will not render him eligible, if he in fact is not a resident of the ward. Questions in this regard must, however, be decided by a court.
The foregoing assumes that the settlement agreement in this instance does not address any specifics regarding the election, other than to provide that state law is to apply. If the agreement approved by the court does address election procedure, your questions should be referred to the parties' counsel in the case.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh